Argued and submitted August 18, affirmed December 15, 2010

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# AMY MICHELLE GROOM,
*Defendant-Appellant.*

Marion County Circuit Court
08C42589; A142179

244 P3d 913

Jason E. Thompson argued the cause for appellant. With him on the briefs was Ferder Casebeer French & Thompson, LLP.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant appeals a conviction for possession of methamphetamine, ORS 475.894, and assigns error to the trial court's denial of her motion to suppress evidence resulting from a warrantless search of her vehicle. Defendant first argues that *State v. Brown*, 301 Or 268, 721 P2d 1357 (1986), which created the "automobile exception" to Article I, section 9, of the Oregon Constitution, was wrongly decided and that the exception no longer exists. We reject that assertion without discussion—it is directed to the wrong court—and write only to address defendant's second argument, that is, that the trial court should not have applied the automobile exception in this case because, at the time the officer encountered it in connection with the investigation of a crime, defendant's vehicle was not moving. We conclude that the search was lawful under the automobile exception as it has evolved since *Brown*. We therefore affirm.

The facts in this case are undisputed. A Keizer police officer, Carroll, ran a Department of Motor Vehicles check on a vehicle that he was following and determined that the registered owner had an outstanding warrant for a drug offense. By the time Carroll discovered the outstanding warrant, the vehicle had turned down a side street, and the officer had to turn back to look for it. When he located the vehicle, it was parked and two women were standing beside it on the sidewalk.

Carroll approached the two women and asked them for their identification. Although she initially denied having identification, eventually, defendant identified herself as the owner of the vehicle. She was, in fact, the subject of the warrant. Carroll then arrested her, placed her in the back of his patrol car, and asked her for consent to search her vehicle. She refused. An officer then radioed a request that a drug dog be sent to the scene.

At that point, another officer who was present, Goodman, noticed a man in the back seat of defendant's vehicle. The officers identified the man and determined that he was on post-prison supervision relating to drug offenses. After the man got out of the vehicle and was patted down, the

officers noticed an apparently freshly deposited "bindle" (a plastic baggie commonly used to carry drugs) on the ground near the vehicle. The bindle was tested and found to contain methamphetamine residue.

After discovery of the bindle, defendant was advised of her *Miranda* rights and told that a drug dog had been called to the scene and, in response, she acknowledged that she had been the driver of the vehicle and that officers were likely to find drugs inside it. When the drug dog arrived, it alerted to the door of the vehicle. Officers then sent the dog into the car and it alerted to defendant's purse. Carroll opened the purse and inside found the drugs and other evidence at issue in this case.

Defendant filed a motion to suppress the evidence found in her vehicle. She argued that, given all the circumstances, the automobile exception did not apply. The trial court, however, disagreed. It denied the motion to suppress, stating that

> "[the officers] were lawfully on the scene and as the other items became unfolding, gave them probable cause to bring the dog to sniff, the statements that were made, and mobility at that point in time. [Defendant's] custody did not change the mobility of the vehicle. I have to apply the automobile exception. It's a more contorted way to go and, as I stated, I don't believe that handling in the field by the officers was the best, but it was, under my reading of the cases and the standard, lawful."

Defendant was then convicted of possession of methamphetamine based on stipulated facts.

On appeal, defendant renews the arguments she made before the trial court. Specifically, she contends that the automobile exception to the warrant requirement of Article I, section 9, does not apply in this case. As noted, that exception was created by the Oregon Supreme Court in *Brown*, which held "that there is such an exception, provided (1) that the automobile is mobile at the time it is stopped by police or other governmental authority, and (2) that probable cause exists for the search of the vehicle." 301 Or at 274. Pursuant to that rule, "police officers may search a vehicle if they

have 'probable cause to believe that a lawfully stopped automobile which was mobile at the time of the stop contains contraband or crime evidence.'" *State v. Meharry*, 342 Or 173, 177-78, 149 P3d 1155 (2006) (quoting *Brown*, 301 Or at 277). "[T]he exigency that permits the police to conduct a warrantless search of a mobile vehicle arises from the fact that the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *Meharry*, 342 Or at 180 (internal quotation marks omitted). Defendant, in this case, contends that the vehicle was "parked, immobile, and unoccupied" at the time the officer encountered it "in connection with the investigation of a crime" and, therefore, the automobile exception does not apply. Defendant is incorrect.

■ Recently, in *State v. Kurokawa-Lasciak*, 237 Or App 492, 239 P3d 1046 (2010), we reviewed the somewhat irregular development of case law since *Brown* dealing with the automobile exception and summarized the current status of the exception as follows:

"At present, a vehicle is 'mobile' for purposes of the automobile exception as long as it is operable. That is so even if it is evident that the vehicle will be impounded, unless the impoundment procedures have actually commenced. Further, police can search a vehicle pursuant to the automobile exception even if, at the time the officers first focus on the vehicle, they have no suspicion of criminal activity. Situations in which the exception does *not* apply include those in which the vehicle is functionally disabled, those in which the vehicle is impounded or in the process of being impounded, and those in which the officers do not focus attention on the vehicle until after they have established probable cause to detain the defendant[.]"

*Id.* at 497-98 (citations omitted; emphasis in original). "[A]pplicability of the automobile exception turns on the mobility of the vehicle *when the police first encounter it*. The inquiry is centered on the circumstances surrounding the moment when the police first notice or focus their attention on an automobile." *State v. Coleman*, 167 Or App 86, 94, 2 P3d 399 (2000) (emphasis in original).

Here, the vehicle was mobile at the moment the police first encountered and focused attention on it. Carroll first noticed the vehicle when he was driving behind it and

ran a DMV check on its license plates—a time when the vehicle was not only operable, but actually in motion. Although at that point the officer had no suspicion of criminal activity and no probable cause to search the vehicle, as we noted in *Kurokawa-Lasciak*, that does not preclude the application of the exception. 237 Or App at 498. It is sufficient that probable cause developed later, after officers discovered the freshly deposited bindle and defendant conceded that there were probably drugs in the vehicle. As in *Meharry*, nothing happened between the time the officer first saw the vehicle and the time of the search that rendered the vehicle incapable of motion: the officer "had not impounded the [vehicle], and there was no physical or mechanical impediment to the [vehicle]'s being driven away[.]" 342 Or at 180. At the time probable cause to search the vehicle developed in this case, the vehicle was operable and not being impounded. *See Kurokawa-Lasciak*, 237 Or App at 499 (noting those facts). Accordingly, pursuant to the applicable case law, the warrantless search in this case came within the automobile exception and suppression was not required.

Affirmed.